UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| S.G., as parent and natural guardian to minor child J.G. <br>     Plaintiff <br><br> v. <br><br> PROVIDENCE PUBLIC SCHOOLS <br>     Defendant | : <br> :    C.A. No. <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

### JURISDICTION

1. This is a Complaint seeking an award for attorney's fees pursuant to 20 U.S.C.A. § 1415(i)(3)(B). This Court has subject matter jurisdiction pursuant to 20 U.S.C.A. § 1415 and 28 U.S.C.A. § 1331.

### PARTIES

2. Plaintiff S.G. is the parent and next friend of J.G., a child of seven suffering from learning disabilities.

3. Plaintiff S.G. and J.G. have resided in the City of Providence throughout J.G.'s public school career.

4. The Providence Public Schools is the entity charged the care, control, and custody of the public schools of the City of Providence pursuant to R.I.G.L. § 16-2-1 *et seq*.

5. Among the responsibilities of the Providence Public Schools ("Providence") is the provision of special education and related services to all children with disabilities residing in Providence, Rhode Island, pursuant to 20 U.S.C.A. § 1400 *et seq.*, the Individuals with Disabilities Education Act (hereinafter "IDEA"), R.I.G.L. § 16-24-1 *et seq*., and the Regulations Governing the Education of Children with Disabilities (hereinafter, "SPED Regs").

6. Under the IDEA, R.I.G.L. § 16-24-1 *et seq.*, and the SPED Regs., Providence is obligated to provide disabled students who are eligible for special education services with a free appropriate public education (FAPE).

## FACTS

7. Prior to beginning kindergarten, J.G. had been diagnosed with, among other things, hyperkinesis, and had presented with developmental delays.

8. At the beginning of school year 2019-2020, J.G. began kindergarten at the Vartan Gregorian Elementary School.

9. At the beginning of J.G.'s kindergarten year, S.G. alerted Providence Public Schools to J.G.'s suspected disabilities, and requested a special education evaluation. Providence failed to complete the referral process as set forth in the SPED Regs.

10. Throughout J.G.'s kindergarten year, she presented with significant delays in reading, and also presented with emotional disturbance impacting her educational performance.

11. Providence school personnel itself identified J.G. as needing a special education evaluation by February, 2020.

12. Providence nevertheless failed to evaluate J.G. for special education at any point in the school year 2019-2020 as set forth in the IDEA and SPED Regs.

13. J.G. fell significantly behind academically, especially in reading.

14. In school year 2020-2021, S.G. again requested a special education evaluation.

15. Providence performed an evaluation, found J.G. eligible for special education in January, 2021, and created an Individualized Education Plan (IEP) for JG.

16. Providence, however, failed to evaluate J.G. in all areas of suspected disability, as mandated by the IDEA and SPED Regs.

17. In particular, Providence failed to evaluate J.G. for learning disabilities.

18. S.G. herself then obtained a private neuropsychological evaluation at her own expense.

19. Said private neuropsychological evaluation diagnosed J.G. with Generalized Anxiety Disorder, ADHD, and Specific Learning Disorder.

20. Said private neuropsychological evaluation recommended additional specialized instruction, related services, and accommodations not contained in the IEP prepared by Providence.

21. In particular, the private neuropsychological recommended additional reading instruction.

22. Providence's IEP was providing J.G. with specialized reading instruction three times a week, for half an hour each time.

23. The private neuropsychological evaluation recommended reading instruction at least an hour a day, along with additional writing instruction.

24. The private neuropsychological evaluation also made recommendations to deal with J.G.'s anxiety.

25. Providence refused to acknowledge J.G.'s anxiety issues and its impact on her educational progress.

26. Providence refused to implement the recommendation of additional reading instruction, despite J.G.'s lack of reasonable progress in reading.

27. By the end of 2020-2021, J.G. was about to enter second grade, but still had not mastered kindergarten-level reading skills.

28. J.G. was further becoming demoralized by her lack of progress.

29. S.G. then determined that she would unilaterally place J.G. in the Hamilton School at Wheeler, a private school offering specialized education for students with learning disabilities.

30. On or about August 2, 2021, Plaintiff filed a complaint for a Request for Impartial Due Process hearing with the Rhode Island Department of Education.

31. Said complaint alleged, among other things, that Providence had failed to fulfill its obligations to provide a special education evaluation, and had further failed to provide J.G. with a free appropriate public education (FAPE).

32. Said complaint sought, among other things, reimbursement for J.G.'s placement at the Hamilton School at Wheeler, and future placement at Hamilton

33. On or about May 4, 2022, the Due Process Hearing Officer issued his decision, a copy of which is attached hereto as Exhibit A.

34. The Hearing Officer found for the Plaintiff on the issues of failure to evaluate and failure to provide FAPE.

35. The Hearing Officer further awarded the Plaintiff reimbursement for J.G.'s placement at the Hamilton School at Wheeler, and future placement at Hamilton

## COUNT I

36. Plaintiff re-alleges those averments contained in the Paragraphs above as if fully re-stated herein.

37. Plaintiff has obtained substantial relief in her favor in connection with the due process hearing.

38. Plaintiff has incurred attorney's fees and costs in connection with the due process hearing. As a prevailing party, she reimbursement of said attorney's fees and costs from the Defendant, pursuant to 20 U.S.C. § 1415(i)(3)(B). Plaintiff is continuing to incur attorney's fees

4

and costs in connection with this action filed, and seeks reimbursement of said attorney's fees and costs as well.

WHEREFORE, the Plaintiff requests the following:

a. That this Court enter judgment against the Defendant for attorney's fees and costs, including but not limited to reasonable attorneys' fees for the prosecution of this action;

b. That this Court set a reasonable deadline by which the Defendant must pay said fees and costs; and

c. That this Court grant such additional relief as it deems just.

                    Plaintiff,
                    By her attorney,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com