UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

S.G., as a Parent and Natural )
Guardian to Minor Child J.G., )
   Plaintiff, )
)
v. ) No. 22-cv-185-JJM-LDA
)
PROVIDENCE PUBLIC SCHOOLS, )
   Defendant. )

**ORDER**

Before the Court is Defendant Providence Public Schools' ("PPS") Motion to Dismiss. ECF No. 6. PPS moves on the ground that this matter is not ripe for review, and thus that the Court lacks subject-matter jurisdiction. ECF No. 6-1 at 3–4. Plaintiff S.G., on behalf of her daughter J.G. (a former student of PPS), opposes this motion on the ground that the Court should stay the proceedings while the administrative appeal by PPS is pending. ECF No. 7 at 4.

**I.     BACKGROUND**

The Rhode Island Department of Education ("RIDE") assigns an Impartial Hearing Officer ("IHO") to disputes between schools and families. *See* ECF No. 1-1 at 1. The IHO hears both sides of the case and then issues a decision on the dispute. ECF No. 1-1 at 1. S.G. and PPS were parties before an IHO in a special education due process proceeding, under the Individuals with Disabilities Education Act ("IDEA"). ECF No. 1 at ¶ 12.

S.G. claimed that J.G. was not getting a Free Appropriate Public Education ("FAPE") at the public school she was attending. ECF No. 1-1 at 2. S.G. ultimately enrolled J.G. at the Hamilton School in Providence, which offers specialized education for students with learning disabilities. *See id.* at 23. The IHO found for S.G., holding that S.G. "is a prevailing party on the issues of denial of FAPE to JG, the Parent's unilateral placement, reimbursement of tuition, and placement at Hamilton." *See id.* at 48. PPS appealed this decision. *See* ECF No. 7 at 4 n.1.

## II. STANDARD OF REVIEW

When a jurisdictional challenge is before the Court, "the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). In this sense, a Court must "accord[] the plaintiff the benefit of all reasonable inferences." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Different standards of review are required depending on the type of 12(b)(1) motion before the Court. *See Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir. 2002). "The pertinent inquiry is whether or not the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." *Marrero v. Costco Wholesale Corp.*, 52 F. Supp. 3d 437, 439 (D.P.R. 2014) (citing *Casey v. Lifespan Corp.*, 62 F. Supp. 2d. 471, 474 (D.R.I. 1999)).

There are two approaches to resolving this inquiry. The first is known as a sufficiency challenge,

> which accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the Court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction. In performing this task, the Court must

> credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly.

*Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (citations omitted). The second approach is similar, though slightly different, and is known as a factual challenge. Here, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the Court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Id.*

## III.  DISCUSSION

S.G. brings a claim against PPS, alleging she is owed attorney's fees resulting from the costs in connection with the due process hearing. There is no dispute that there is an appeal of the underlying matter. The issue instead is whether, despite that appeal, subject-matter jurisdiction still exists. In other words, there is no factual challenge about subject-matter jurisdiction; the dispute is to the sufficiency of subject-matter jurisdiction based on the facts presented. As a result, the Court will evaluate the 12(b)(1) motion as a sufficiency challenge.

The sufficiency of S.G.'s claim turns on the doctrine of ripeness, which is gauged by a two-part test. "First, the Court must consider whether the issue presented is fit for review. This branch of the test typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995). The second part of the ripeness test requires the Court to consider the "extent to which hardship

looms," which looks at whether the issue being challenged "creates a direct and immediate dilemma for the parties." *Id.* (internal quotation marks omitted).

The Court now addresses each of these parts in turn.

### A. Fitness

"The critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." *Massachusetts Ass'n of Afro-Am. Police, Inc. v. Bos. Police Dep't*, 973 F.2d 18, 20 (1st Cir. 1992). This is because "issuing opinions based on speculative facts or a hypothetical record is . . . at best difficult and often impossible. Nevertheless, the raw fact that events have not yet fully unfolded is not always fatal to justiciability." *Ernst & Young*, 45 F.3d at 536 (citations omitted).

PPS has filed an appeal that challenges the IHO's decision finding in S.G.'s favor. The decision by the IHO could be reversed or substantially affected. Thus, the initial decision by the IHO is not final, making this claim unripe.[1]

### B. Hardship

The issue concerning hardship focuses on the hardship a party would experience if judicial review were denied. "[H]ardship cannot be assessed in a vacuum. Rather, a claim of hardship demands an assessment of the complainant's position in light of all the attendant circumstances." *Id.* at 540. If the hardship is greater, the more likely a Court is to find ripeness. *See id.* at 536. For example, if

---

[1] The predominant instance in which this matter, as filed, would be fit for review is if S.G. prevails over PPS in its appeal. However, because the merits of this matter may be affected by the appeal, a stay would be imprudent.

delay would harm the parties or the public interest, a Court may find there to be sufficient hardship to satisfy ripeness. *See, e.g., Abbott Labs. v. Gardner*, 387 U.S. 136, 156 (1967).

Here, there is no indication that the parties will incur a significant hardship. Although S.G. might be entitled to attorney's fees, that hardship would be eliminated if the decision of the IHO is reversed. Indeed, there would be no hardship if S.G. would not be entitled to attorney's fees in the first instance because there can be no entitlement, and therefore no hardship, to something someone did not have a right to.

## IV. CONCLUSION

Because PPS has timely appealed the hearing that occurred before the IHO, awarding attorney's fees would be premature at this stage of the litigation. Thus, given the unripeness of S.G.'s claim, the Court lacks subject-matter jurisdiction at this time. As a result, Providence Public School's Motion to Dismiss is GRANTED without prejudice.[2]

---

[2] The court is aware of S.G.'s Motion to Enforce the "Stay-Put." ECF No. 8. But the Court cannot reach this motion for two reasons. First, if the Court does not have subject matter jurisdiction, it cannot decide an issue on the merits. Secondly, and perhaps most pertinently, S.G.'s complaint does not mention the 'Stay-Put' order. It therefore does not satisfy the notice pleading standard enumerated under Fed. R. Civ. P. 8(a). *See also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, (2002) (holding that a complaint "satisfies the requirements of Rule 8(a) [when] it gives respondent fair notice of the basis for petitioner's claims"). Therefore, the Motion to Enforce "Stay-Put" is DENIED as moot because the request is outside of the parameters of the complaint.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States Chief District Judge

July 12, 2022